[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CLAIM OF EXEMPTION
The plaintiff Yale New Haven Hospital obtained an execution in this case to levy on the funds of the judgment debtor Matthew Balser in the amount of $3,942.13. The execution reached two bank accounts. One contained $4,644.80 and the other $195.00.
The defendants timely applied for a hearing on a claimed exemption they argued applies to $2,755.28 of the deposit which had been deposited after being received as a Worker's Compensation Benefit.
The court credits evidence from the defendant that, of these sums in the account, $2,755.28 is the exempt proceeds of a Worker's Compensation specific award which was deposited when received. Section 52-352b subsection (g) of the General Statutes provides that "Worker's Compensation, Social Security, veteran's and unemployment benefits" are exempt from any form of process or CT Page 2369 court order for the purpose of debt collection.
The defendants deposited exempt funds in an account with funds which are nonexempt. However, the court finds that by analogy the case of Philpott v. Essex County Welfare Board,400 U.S. 321, 93 S.Ct. 500 (1973) is persuasive on that issue.Philpott held that exempt Social Security payments retain their exempt character even when deposited and do not become a nonexempt investment as long as the exempt source funds can be reasonably traced and identified from the whole corpus levied upon. In so finding, the court also finds persuasive the reasoning in Morales v. Lukas, an unreported U.S. District Court (Conn.) decision. Furthermore, it is important that there be a consistent application of the law so that state Worker's Compensation funds exempt under subsection (g) of § 52-352b(g) not be treated in a different manner from Veteran's and Social Security benefits which, although exempt under that same subsection (g), are also exempt by virtue of federal laws. See:Common Law Judging in a Statutory World; an Address, Ellen Ash Peters, University of Pittsburgh Law Review, Summ. 1982, 43 N.4, pp. 995-1011. Where statutes regulate certain forms of human conduct, then it is the object of the living common law to reconcile court made case law so that it is in logical harmony with those statutes enacted to govern us on distinct but related subjects. The result of such a melding is one consistent body of law.
Since the defendant abandoned other claims of exemption, the court rules that $2,755.28 in account no. 6013024043 is exempt Worker's Compensation and it is to remain the property of the defendant Matthew Balser. As to the remainder levied upon in that account and the entire balance in account no. 6013024108, it is ordered turned over to the plaintiff.
Flynn, J.